**CHAMBERS, Plaintiff-Appellee, v. ROBERT, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6099.  Decided December 29, 1959.

Reeves & Herron, Columbus, for plaintiff-appellee.
Power, Griffith & Jones. Columbus, for defendant-appellant.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

## OPINION

By BRYANT, PJ.

This is an appeal on questions of law from the verdict and judgment of the court of common pleas of Franklin County, Ohio, awarding damages in the amount of $2,900 in favor of Albert Chambers, plaintiff-appellee, and against Robert Jeffrey Robert, defendant-appellant, herein.  The suit was brought following a collision at a street intersection in Columbus, Ohio, which was governed at the time by a traffic light, each side claiming that the light was green in his favor.

The first assignment of error relates to admission of evidence of the conviction of defendant-appellant of other traffic law violations and the second assignment of error relates to overruling defendant-appellant's motion for a new trial.

The accident in the case now before us occurred on December 31, 1955, and counsel for plaintiff-appellee questioned defendant-appellant concerning one conviction approximately four months prior thereto and three others which occurred between June and September, 1956.

Separate objections were made to questions as to each of the convictions which include violations concerning speed, illegal turn and a red light.  A motion for mistrial was made and overruled.

It was following this that the court reversed his decision and instructed the jury to disregard the testimony concerning the convictions.  In the case of **Kornreich v. The Industrial Fire Ins. Co., 132 Oh St 78,**

the Supreme Court of Ohio has limited such evidence to convictions of treason, felony or crimes designated as "crimen falsi" of the common law. The third branch of the syllabus in that case is as follows:

"Where a party offers himself as a witness it has always been competent in Ohio to ask him, for the purpose of reflecting upon his credibility, whether he has been convicted of treason, a felony or any other crime that came within the designation of the crimen falsi of the common law. (Wagner v. State, 115 Oh St 136, approved, followed and distinguished.)

At page 90 of the Kornreich case, supra, Stevenson, J., wrote as follows:

"We are of opinion that there should be another qualification, namely, that such cross-examination should be confined to these offenses which as a matter of law do affect credibility, viz., treason, felony and crimen falsi.

"It would be most unfair to a witness to ask him on cross-examination for the purpose of affecting his credibility, whether or not he had been convicted of assault and battery. The nature of the offense of assault and battery in no wise reflects upon credibility."

To the same effect see City of Troy v. Cummins, 107 Oh Ap 318, reversing a conviction and remanding a cause for the admission of improper evidence as to a conviction, the court at page 324 stated:

"The admission of the evidence of the defendant on cross-examination upon an improper question and the admission of the record of his conviction of the offense with which he was charged in the Municipal Court of the city of Piqua, were prejudicial errors to the rights of the defendant."

In the Kornreich case, supra, at page 86, there appears the following:

"Crimen falsi was characterized as any crime which might injuriously affect the administration of justice by the introduction of falsehood and fraud."

Thus it is that in civil actions evidence only of convictions for treason, felony or crimes designated as crimen falsi may be introduced and then solely to challenge the credibility of the witness.

It is clear in this case that the convictions for traffic law violations referred to were not either treason, felonies or crimes designated "crimen falsi" and hence were improper. We feel that they were prejudicial to an extreme degree, the effect of which could not be cured by the charge of the court.

In as much as the judgment of the court below must be reversed and the case remanded for a new trial, we express no opinion as to whether or not the verdict was excessive nor do we find it necessary to pass upon the other errors assigned and they will therefore be overruled.

DUFFY, and McLAUGHLIN, JJ, concur.