This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Fernando Carrion appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms in part and vacates in part.
 I.
Carrion was initially indicted with two counts of gross sexual imposition, a violation of R.C. 2907.05(A)(4); two counts of gross sexual imposition, a violation of R.C. 2907.02(A)(1); two counts of rape a violation of R.C. 2907.02(A)(2); two counts of felonious sexual penetration a violation of R.C. 2907.12(A)(1)(B); and specifications.[1]
Carrion requested a jury trial. At the close of the state's case, the state moved to dismiss one count of rape under R.C. 2907.02(A)(2) and amend counts seven and eight (felonious sexual penetration) of the indictment to one count of gross sexual imposition and one count of sexual imposition. At that time, Carrion moved to dismiss all counts pursuant to Crim.R. 29. The trial court granted the state's motion to amend the indictment and denied Carrion's motion for acquittal.
The trial proceeded, and the jury returned a verdict of guilty on all counts. The trial court sentenced Carrion accordingly.
Carrion has timely appealed, setting forth seven assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE[,] SECTION[S] TEN AND SIXTEEN OF THE OHIO CONSTITUTION BY GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT AND CHARGING THE JURY ON THE LESSOR INCLUDED OFFENSE[S] OF GROSS SEXUAL IMPOSITION AND SEXUAL IMPOSITION
Carrion has argued that the trial court erred by granting the state's motion to amend counts seven and eight of the indictment and charging the jury on the lesser included offenses of gross sexual imposition and sexual imposition. The state has argued that the amendments were appropriate because both gross sexual imposition and sexual imposition are lesser included offenses of felonious sexual penetration.
Amendment of indictments is governed by Crim.R. 7(D), which provides:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
This Court has previously held that a lesser included offense is implicitly contained in an indictment. State v. Robinson (Mar. 15, 1995), Lorain App. No. 94CA005788, unreported. Therefore, amending a charge in an indictment to a lesser included offense does not change the name or identity of the crime charged. Id.
Pursuant to R.C. 2945.74 and CrimR. 31(C), a jury may consider three groups of lesser offenses that when supported by the evidence at trial, it must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses. State v. Deem (1988), 40 Ohio St.3d 205, paragraph one of syllabus.
In Deem, the Supreme Court of Ohio stated:
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder (1987), 32 Ohio St.3d 279, modified.)
Deem, supra, paragraph three of the syllabus.
Carrion was initially charged in counts seven and eight with two counts of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b), which reads:
 (A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Count seven was amended to gross sexual imposition a violation of R.C.2907.05(A)(4), which reads:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
Based on the elements of both felonious sexual penetration and gross sexual imposition, gross sexual imposition as charged in this case meets the criteria set out in Deem to be considered a lesser included offense of felonious sexual penetration. Gross sexual imposition under R.C.2907.05(A)(4) is a third degree felony while felonious sexual penetration under R.C. 2907.12(A)(1)(b) is an aggravated felony of the first degree. R.C. 2907.05(B); R.C. 2907.12(B). Penetration of the vaginal cavity cannot be committed without some touching of the vaginal area. Finally, penetration of the vaginal cavity is not required to prove sexual contact.
Count eight was amended to sexual imposition a violation of R.C.2907.06(A)(4), which states:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.
 Sexual imposition in this case does not meet the test set out in Deem to qualify as a lesser included offense of felonious sexual penetration. Although sexual imposition is a crime of a lesser degree than felonious sexual penetration, as charged here, felonious sexual penetration can be committed without committing sexual imposition. See R.C. 2907.06(C), R.C. 2907.12(B). Felonious sexual penetration under R.C. 2907.12(A)(1)(b) requires that the victim be less than thirteen years of age while sexual imposition under R.C. 2907.06(A)(4) requires that the victim be thirteen years of age or older, but less than sixteen years of age.
Consequently, Carrion's argument regarding the trial court's ruling to allow the state to amend count seven of the indictment from felonious sexual imposition to gross sexual imposition is without merit. Carrion's argument regarding the trial court's ruling to allow the state to amend count eight from felonious sexual penetration to sexual imposition is sustained. Carrion's conviction for sexual imposition is vacated.[2]
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT[']S PREJUDICE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION[S] TEN AND SIXTEEN OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY OF THE SPECIFICATIONS SET FORTH IN O.R.C. 2941.143 AND UTILIZING THAT SPECIFICATION IN THE SENTENCE IMPOSED UPON APPELLANT.
Carrion has argued that the trial court erred when it found him guilty of the prior offense of violence specifications set forth in R.C. 2941.143. This Court disagrees. Counts two, three and four, all gross sexual impositions, were indicted with specifications attached. Pursuant to R.C. 2941.143, each of the specifications indicated that Carrion had previously been convicted of an offense of violence. On August 19, 1994, Carrion was convicted of burglary, a violation of R.C. 2911.11(A)(2), a third degree felony. At a hearing on the specifications, the state dismissed the specifications on count four, and the trial court found Carrion guilty of the specifications on the two remaining counts.
R.C. 2941.143 states, in pertinent part:
 Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, or that the offender has previously been convicted of or pleaded guilty to an offense of violence. Such a specification shall be stated at the end of the body of the indictment, count, or information[.] * * *
 A certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove the prior conviction.
Carrion has argued that the state did not prove that he was convicted prior to the occurrence of the offenses for which he was indicted in this case. The state has argued that it met its burden by introducing into evidence a certified copy of the entry of judgment and sufficiently identifying Carrion as the person named in the entry. R.C. 2941.143
unambiguously sets out that a certified copy of the judgment of conviction is sufficient to prove the prior conviction.
Furthermore, Carrion was convicted of burglary on August 19, 1994. Count two of the indictment alleges a time frame of October 17, 1994, through October 16, 1995. Count three alleges a time frame of October 17, 1995, through June 30, 1996. Therefore, Carrion's conviction of burglary occurred before the alleged acts in counts two and three. This Court finds that the state introduced sufficient evidence to meet its burden as set out in R.C. 2941.143 to prove Carrion's prior conviction.
This Court finds that the trial court did not err in finding Carrion guilty of the specifications in counts two and three. Carrion's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APELLANT['S] PREJUDICE IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I[,] SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION BY ADMITTING THE TESTIMONY OF ANTHONY ZERBINI[.]
In his third assignment of error, Carrion has argued that the trial court erred by admitting the testimony of Anthony Zerbini. This Court disagrees.
In his argument, Carrion references case law that prohibits admission of a defendant's prior criminal record. See Chambers v. Robert (1960),110 Ohio App. 472; State v. Esparza (1988), 39 Ohio St.3d 8; State v.Poindexter (1988), 36 Ohio St.3d 1. However, the record shows that the state never attempted to introduce Carrion's prior conviction through the testimony of Mr. Zerbini or any other witness. Carrion filed a motion inlimine, and Zerbini's testimony was limited to issues regarding a statement that Carrion made to him during a telephone conversation.
Carrion has also argued that Zerbini's testimony should have been excluded pursuant to Evid.R. 403. Evid.R. 403(A) mandates that relevant evidence which would be unfairly prejudicial, misleading, or confusing be excluded. "The admission or exclusion of relevant evidence rests soundly within the trial court's discretion." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. The decision of the trial court concerning the admission or exclusion of evidence will not be reversed absent an abuse of that discretion. Id. at 182. Carrion has failed to show how he was unfairly prejudiced by Zerbini's testimony or how Zerbini's testimony was either misleading or confusing to the jury.
Carrion's final argument regarding Zerbini's testimony was that Carrion was denied meaningful cross-examination. However, an examination of the record reveals that Carrion's attorney questioned Zerbini at length. Zerbini was asked questions about his duties at work, the nature of his relationship with Carrion, the telephone conversation he had with Carrion, and the content of the statements that Carrion made regarding this case during that telephone conversation.
Carrion's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN VIOLATION OF CRIMINAL RULE 29[;] ARTICLE I[,] SECTION 10 OF THE OHIO CONSTITUTION; AND THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES WHEN IT DENIED APPELLANT'S MOTIONS FOR ACQUITTAL.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELANT WHEN IT ENTERED JUDGMENT OF CONVICTION, WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The foregoing assignments of error will considered together as they raise similar issues of law and fact. For ease of discussion, they will be discussed out of order.
In his fifth assignment of error, Carrion has argued that the judgment of the trial court was against the manifest weight of the evidence. This Court disagrees.
In addressing a challenge to the manifest weight of the evidence, this Court:
 must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction.
(Citations omitted.) State v. Otten (1986), 33 Ohio App.3d 339, 340.
 Counts one, two, and six charged Carrion with gross sexual imposition in violation of R.C. 2907.05(A)(4). The elements of R.C. 2907.05(A)(4) have been set forth in this Court's discussion of Carrion's first assignment of error.
 Counts one through four of the indictment name Amanda Lee as the victim. Erin Lee is the named victim in count six. With regards to the charges of gross sexual imposition, Carrion has argued that the state failed to establish: (1) what area or areas of the victims' bodies were touched; and (2) that Carrion touched the erogenous zones of either victim for the purpose of sexually arousing or gratifying either himself or the victim. A review of the record, however, reveals that both Amanda Lee and Erin Lee testified as to specific parts of their bodies that Carrion touched and/or specific parts of Carrion's body that he made them touch. In addition, Erin Lee testified that Carrion later asked her if she liked what he did to her.
Count five of the indictment charged Carrion with rape in violation of R.C. 2907.02(A)(2), which provides:
 (A) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
To support his argument regarding his conviction on count five, Carrion has argued that Amanda Lee was not a credible witness and that it was physically impossible for him to engage in vaginal intercourse with Amanda Lee in the manner she testified. In his argument, Carrion gave several different conclusions the jury could have reached. It is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Whether or not to believe Amanda Lee or Carrion was for the jury to decide.
Upon careful review of the testimony and evidence presented at trial, this Court finds that the jury did not act contrary to the manifest weight of the evidence in convicting Carrion of rape and gross sexual imposition. Accordingly, Carrion's fifth assignment of error is overruled.
In his fourth assignment of error, Carrion has argued that the state failed to establish beyond a reasonable doubt the necessary elements to sustain convictions for rape and gross sexual imposition in violation of his right to due process of law under the United States and Ohio Constitutions.
This Court has previously noted that
 "because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency."
(Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Having found that Carrion's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenges to the sufficiency of the evidence.
Carrion's fourth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR APELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
In his sixth assignment of error, Carrion has argued that he was denied his constitutional right to effective assistance of counsel. This Court disagrees.
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonable representation, and that this deficient performance resulted in prejudice to the appellant. Strickland v.Washington (1984), 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674,693. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. At 689, quoting Michel v. Louisiana (1955), 350 U.S. 91,101, 76 S.Ct. 158, 100 L.Ed. 83, 93. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
To support his claim that he received inadequate representation, Carrion has argued that his counsel's actions fell below accepted professional standards. However, there is no evidence in the record to suggest that Carrion's counsel performed in a deficient manner. Carrion has argued that his attorney should have objected to certain jurors and failed to call important witnesses on his behalf. Such decisions are considered trial strategy. However, a reviewing court will not second-guess trial strategy decisions. State v. Mason (1998),82 Ohio St.3d 144, 157.
This Court finds that Carrion has failed to meet his burden as set out in Strickland. Accordingly, Carrion's sixth assignment of error is overruled.
 SEVENTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE[,] SECTION[S] TEN AND SIXTEEN OF THE OHIO CONSTITUTION BY ADJUDICATING APPELANT A SEXUAL PREDATOR IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE.
In his seventh assignment of error, Carrion has argued that the trial court's finding that Carrion is a sexual predator was not supported by clear and convincing evidence. Carrion has also argued that R.C. 2950.09
violates his constitutional rights. This Court finds both arguments to be without merit.
R.C. 2950.09 sets out the procedures that a court is to follow when deciding whether to classify an individual a sexual predator. R. C.2950.09(B)(3) states, in pertinent part:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section.
R.C. 2950.09(B)(2) sets out some of the factors that a court is to consider when determining whether an individual is to be classified as a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Careful review of the record reveals that the trial court considered the proper factors in reaching its decision. Among the factors that the trial court discussed in depth on the record was that Carrion had a prior criminal record, which included a conviction of burglary and a misdemeanor assault conviction. Also, in this case, there was more than one victim. The victims in this case were between the ages of ten and fifteen when the incidents occurred. Force or threat of force was involved with several of the counts of which Carrion was convicted. The court also took note of the amount of trust that the victims had placed in Carrion. Carrion's home was a place where the victims were taken to get away from the physical abuse of their father. It was thought to be a safe haven for them. Therefore, the trial court had a sound factual basis for its decision to classify Carrion as a sexual predator.
Carrion's argument that R.C. 2950.09 violates his constitutional rights is without merit. The Supreme Court of Ohio has declared that R.C. 2950.09
is constitutional. State v. Cook (1998), 83 Ohio St.3d 404. Carrion's constitutional challenge is, therefore, denied.
Carrion's seventh assignment of error is overruled.
Judgment affirmed in part and vacated in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] All of the incidents surrounding the charges in this case occurred before July 1, 1996. Therefore, any statutes quoted in this opinion are as they appeared prior to July 1, 1996.
[2] This Court's disposition of Carrion's conviction for sexual imposition renders any further arguments regarding this conviction moot. Therefore, this Court will limit its discussion in the remaining assignments of error to Carrion's convictions of rape and gross sexual imposition.